(No. 4683—▬▬▬▬)

BERNICE O. HOOK, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 20, 1957.*

HARRIS AND HARRIS, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

Claimant, Bernice O. Hook, filed her claim for damages in the amount of $500.00 for the alleged negligence of respondent in maintaining Route No. 136.

On May 7, 1955, at about 7:00 P. M., claimant, Bernice O. Hook, and a Mrs. Leighty were driving in claimant's car in a northwesterly direction along Route No. 136. In some unexplained manner, a sizeable chunk of concrete had broken out of the highway, and was lying on the travelled portion of the slab. Claimant was unable to cross over into the other lane of travel due to oncoming traffic, and, as a result, she hit and drug the concrete forward into a hole in the pavement.

Damages to her car were in the amount of $22.66. Her medical bill for treatment was $22.00. She also claims damages for her loss of time as a dance instructor in the amount of $200.00, and, finally, $255.34 for pain and suffering.

The evidence discloses that Route No. 136 between Table Grove and Adair was about to undergo major repair. The road in this area had been posted "Rough Pavement". Maintenance men on the date in question had been applying black top patching, and at the scene of the accident barricades had been piled on the shoulder of the road, as this section of pavement was to be completely removed on May 9, and a new concrete section poured.

Claimant had passed over this road earlier in the day, and acknowledged that she had seen the work in progress.

In addition to the above, a maintenance man had patrolled the road in the afternoon of May 6, and did not find any broken concrete on the slab or hole in the pavement.

This Court has repeatedly held that the state is not an insurer against all accidents, which may occur by reason of the condition of its highways.

> *Gray, Et Al* vs. *State of Illinois,* 21 C.C.R. 521.
> *Riggins* vs. *State of Illinois,* 21 C.C.R. 437.

We have also held that a claimant must allege and prove that the state had notice, actual or constructive, of a dangerous condition in the highway.

> *Visco* vs. *State of Illinois,* 21 C.C.R. 580, which cites
> *Rickelman* vs. *State of Illinois,* 19 C.C.R. 54;
> *Herrin* vs. *State of Illinois,* 20 C.C.R. 110.

Since the mid-afternoon patrol of the maintenance man negates any actual notice of the dangerous condition, our final inquiry is whether the facts at hand justify a finding of constructive notice.

Respondent was well aware of the rough condition of the pavement, as it was in the process of correcting it.

It is common knowledge that patch work is done in a progressive manner, a section at a time, so as to cause the least inconvenience to the travelling public. Otherwise, miles of road would have to be closed if all patch work were done simultaneously.

There is nothing in the record to show that respondent could have anticipated that a large chunk of concrete would break out and lodge on the pavement. In fact,

neither claimant nor respondent have tried to explain how this happened.

Constructive notice, as used in the reported cases, is a legal conclusion, which a court finds by reason of the facts in a given case. The dangerous condition must have existed for such an appreciable length of time that the Court can find respondent was negligent in not ascertaining and correcting the condition.

In the instant case, the dangerous condition was not the rough pavement, but was the broken concrete lying on the pavement. This condition came about in a matter of hours from the time of the mid-afternoon patrol to 7:00 P.M., the time of the accident. This limited period of time could not under any circumstances establish constructive notice.

The Court, therefore, finds that claimant has not established that respondent had actual or constructive notice of the dangerous condition.

An award is, therefore, denied.